**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RENNEISEN & COMPANY LLC,** **DBA LEHIGH IMMIGRATION** | |
| **Plaintiff,** | **CIVIL ACTION NO.** _____ |
| **v.** | |
| | **JURY TRIAL DEMANDED** |
| **LEHIGH VALLEY IMMIGRATION** **LAW LLC** | |
| **AND** | |
| **JOHN ALEXANDER SHORT** | |
| **Defendants.** | |

## COMPLAINT

Renneisen & Company LLC, DBA Lehigh Immigration. ("Plaintiff") by and through its counsel, Saxton & Stump LLC, allege the following:

## PARTIES

1.      Plaintiff Renneisen & Company, DBA Lehigh Immigration is a Commonwealth of Pennsylvania limited liability company with its principal place of business at 559 Main St #150, Bethlehem, PA 18018.

2.      On information and belief, Defendant Lehigh Valley Immigration Law LLC is a Commonwealth of Pennsylvania limited liability company with its principal place of business at 609 Hamilton St #102, Allentown, PA 18101.

3.      On information and belief, Defendant John Alexander Short is an individual residing in this District.

4. On information and belief, John Alexander Short is the owner of Lehigh Valley Immigration Law LLC.

5. John Alexander Short and Lehigh Valley Immigration Law LLC are collectively referred to herein as "the Defendants."

## JURISDICTION AND VENUE

6. This action arises under the Lanham Act, 15 U.S.C. §§ 1114, 1121, and 1125(a). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as under pendant jurisdiction of state law claims.

7. This Court has specific and general personal jurisdiction over the parties because the Plaintiff and Defendants conduct business and have places of business in the Eastern District of Pennsylvania.

8. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because all Defendants reside in the District and because Defendants' unlawful conduct occurred within the District.

## NATURE OF THE CASE

9. Plaintiff seeks injunctive relief and monetary relief against all Defendants for: service mark infringement, for their false designation of origin and false advertising under 15 U.S.C. § 1125(a); common law palming off, trademark and trade name infringement, and unfair competition.

## FACTUAL ALLEGATIONS

10. On April 24, 2017, Plaintiff was incorporated as a domestic limited liability company with the Pennsylvania Department of State.

11. Plaintiff has remained a registered domestic limited liability company, in good standing, with the Pennsylvania Corporations Bureau since its date of formation.

12. Since at least as early as 2017, Plaintiff has continuously operated a law firm in Bethlehem, Pennsylvania, providing legal services relating to immigration law under the trade name "Lehigh Immigration" (hereinafter "Plaintiff's Firm").

13. Since at least as early as 2017, Plaintiff has used the mark LEHIGH IMMIGRATION (hereinafter "Plaintiff's Mark") in connection with the services provided by its law firm doing business under the name Lehigh Immigration.

14. Since at least as early as December 2017, Plaintiff has used Plaintiff's Mark on the physical location of Plaintiff's Firm.

15. Images of the physical location of Plaintiff's Firm are provided in Exhibit A.

16. Examples of uses of the Plaintiff's Mark in connection with advertising for Plaintiff's services, consisting of screenshots of Plaintiff's website, are provided in Exhibit B.

17. Plaintiff is also the record owner of U.S. Trademark Registration No. 8,107,197 (the "'197 Registration") for the LEHIGH IMMIGRATION Trademark for "legal services" in International Class 45. The '197 Registration issued on January 20, 2026, and claims dates of first use and first use in commerce of at least as early as May 1, 2017. A copy of the registration certificate is attached as Exhibit C.

18. The '197 Registration is valid and enforceable.

19. Plaintiff has invested substantial effort and resources over many years to develop and promote Plaintiff's mark.

20. Since 2017, Plaintiff has extensively used Plaintiff's Mark to promote its legal services throughout the Lehigh Valley.

21.    Plaintiff maintains a website https://www.lehighimmigration.com to promote its legal services using Plaintiff's Mark. A screenshot of the website is provided in the attached Exhibit B.

22.    As a result of its investments, advertising and its reputation for high-quality legal services, Plaintiff has experienced sustained growth in its client base and revenue since its inception, and has maintained considerable client loyalty, satisfaction and goodwill associated with Plaintiff's Mark.

23.    Plaintiff registered a fictitious name "Lehigh Immigration" on July 28, 2017.

24.    On information and belief, on or about January 10, 2025, Defendant Lehigh Valley Immigration Law LLC was incorporated with the Pennsylvania Department of State as a domestic limited liability company.

25.    On information and belief, on or about January 10, 2025, Defendants began operating a law firm located at 609 W. Hamilton Street, No. 102, Allentown, PA 18101 under the name "Lehigh Valley Immigration Law" (hereinafter "Defendants' Firm").

26.    Images of signage for Defendants' Firm are attached hereto as Exhibit D.

27.    Defendants' Firm offers legal services, particularly in the field of immigration law.

28.    On information and belief, Defendants use and maintain the website https://www.lehighvalleyimmigrationlawyers.com/ to promote Defendant's Firm. A screenshot of the website is attached as Exhibit E.

29.    Defendant John Alexander Short is identified on Defendant's website as the managing attorney and founder of Defendant's Firm.

30.    Defendants promote Defendants' Firm using the "Lehigh Valley Immigration Law" name on social media, including Instagram and Facebook.

4

31. Plaintiff and Defendants' places of business are both located in the Lehigh Valley.

32. Plaintiff and Defendants' places of business are less than six (6) miles apart.

33. On information and belief, at the time Defendants adopted the Lehigh Valley Immigration Law name, Defendants were aware of Plaintiff's use of Plaintiff's Mark.

34. There has been actual consumer confusion between Plaintiff's Mark and Defendants' use of "Lehigh Valley Immigration Law" in connection with Defendant's Firm.

35. On or about March of 2025, Plaintiff began observing instances of clients confusing Defendants' Firm with Plaintiff's Firm, including:

   a. callers to Plaintiff's business phone line attempting to contact Defendant's Firm;

   b. callers to Plaintiff's business phone line indicating they had previously contacted Defendant's Firm by mistake when attempting to contact Plaintiff's Firm

   c. individuals leaving online reviews on websites such as Google mistakenly identifying Plaintiff's Firm as Defendant's Firm and vice versa; and

   d. prospective clients mistakenly accessing Defendant's website instead of Plaintiff's website and expressing confusion regarding which website belonged to Plaintiff.

36. Instances of customer confusion are attached as Exhibit F.

37. On or about May 8, 2025, Plaintiff's counsel sent a cease and desist letter to Defendants. A copy of the letter is attached as Exhibit G.

38. Defendants did not substantively respond to the May 8, 2025 cease and desist letter.

39. On or about August 20, 2025, Plaintiff's counsel sent a follow-up letter to the Defendants. A copy of the letter is attached as Exhibit H.

40. Defendants did not respond to August 20, 2025 follow-up letter.

41.    After being sent of both letters, Defendants continue to use the name "Lehigh Valley Immigration Law" and have refused to cease and desist from infringing on Plaintiff's trademark rights.

42.    Since Plaintiff's counsel's most recent attempt to communicate with Defendants, additional instances of consumer confusion between Plaintiff's Mark and Defendant's Firm have occurred.

## <u>COUNT I</u>
## <u>INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK UNDER §32 OF THE LANHAM ACT (15 U.S.C. § 1114)</u>
## <u>ALL DEFENDANTS</u>

43.    Plaintiff incorporates by reference the previous paragraphs of this complaint as if fully set forth herein.

44.    The acts of Defendants described above constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

45.    Plaintiff owns valid and legally protectable rights in the LEHIGH IMMIGRATION trademark.

46.    Plaintiff's LEHIGH IMMIGRATION trademark has been in continuous use for providing the services identified in the '197 Registration since at least the date of first use printed on the registration certificate, i.e., at least as early as 2017.

47.    Plaintiff commenced use of the LEHIGH IMMIGRATION trademark prior to the date upon which Defendants began offering legal services under the name "Lehigh Valley Immigration Law."

48.    On information and belief, Defendants had actual knowledge of Plaintiff's ownership and use of the LEHIGH IMMIGRATION Trademark prior to Defendants' adoption

and use of the confusingly similar name "Lehigh Valley Immigration Law" in connection with the promotion and rendering of its legal services.

49. Defendants caused the infringing use of the of the confusingly similar name "Lehigh Valley Immigration Law" in interstate commerce, at least, through their promotion of legal services under the name "Lehigh Valley Immigration Law" via their website and on social media which reach consumers throughout the United States.

50. Plaintiff has not consented, permitted, licensed, or authorized Defendants to use the LEHIGH IMMIGRATION Trademark.

51. Defendants' unauthorized use of the confusingly similar name "Lehigh Valley Immigration Law" has resulted in Defendants unfairly and unlawfully benefiting from Plaintiff's goodwill.

52. Defendants' unauthorized use and promotion of the confusingly similar name "Lehigh Valley Immigration Law" has caused confusion, mistake, or deception on the part of consumers about the source, nature and quality of legal services Defendants are offering.

53. Defendants' unauthorized use and promotion of the confusingly similar name "Lehigh Valley Immigration Law" will likely continue to cause confusion, mistake, or deception on the part of consumers about the source, nature, and quality of the legal services Defendants are offering, constituting trademark infringement in violation of 15 U.S.C. § 1114.

54. Several instances of actual consumer confusion between the LEHIGH IMMIGRATION Trademark and Defendants' Firm have already been documented.

55. Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

7

56.     By reason of Defendants' bad faith and willful infringement, Plaintiff is entitled to recover actual damages, treble damages, an accounting for profits, attorneys' fees and the costs of this litigation pursuant to 15 U.S.C. §1117.

## COUNT II

### UNFAIR COMPETITION BY FALSE DESIGNATION OF ORIGIN BY TRADE NAME AND SERVICE MARK INFRINGEMENT UNDER 15 U.S.C §1125(a)(1)(A) ALL DEFENDANTS

57.     Plaintiff incorporates by reference the previous paragraphs of this complaint as if fully set forth herein.

58.     The LEHIGH IMMIGRATION Mark is owned by Plaintiff and is valid and legally enforceable in association with legal services in the geographic region known as the Lehigh Valley, which includes both Bethlehem, PA and Allentown, PA.

59.     At all relevant times, through Plaintiff's exclusive and extensive use, the LEHIGH IMMIGRATION mark has acquired secondary meaning because the mark is interpreted by the consuming public not only as an identification of the services, but also as a representation of the origin of those services.

60.     Plaintiff has extensively advertised the relevant services using the LEHIGH IMMIGRATION mark in publications distributed throughout the Lehigh Valley region of Pennsylvania and on the internet through its website and social media.

61.     At all relevant times, Plaintiff has continuously used the LEHIGH IMMIGRATION Mark in interstate commerce by advertising on the internet and in printed media circulated throughout eastern Pennsylvania and by selling and rendering services under LEHIGH IMMIGRATION Mark in Pennsylvania and New Jersey.

8

62.     Plaintiff has been the owner and exclusive user of the LEHIGH IMMIGRATION Mark for its legal services in the Lehigh Valley since at least 2017.

63.     Plaintiff is the senior user of the LEHIGH IMMIGRATION Mark in the Lehigh Valley.

64.     On information and belief, Defendants were aware that Plaintiff has been providing legal services under the LEHIGH IMMIGRATION Mark within the Lehigh Valley marketplace of Pennsylvania and New Jersey before Defendants entered the same marketplace.

65.     On information and belief, Defendants copied Plaintiff's business name and trademarks when they chose a confusingly similar name for its business, offering identical services as Plaintiff, in the same geographic area.

66.     Defendants' use of the name "Lehigh Valley Immigration Law" to provide identical services in the same geographic area as Plaintiff, has caused actual consumer confusion and is likely to create ongoing confusion regarding the origin of the goods and services.

67.     On information and belief, Defendants use the name "Lehigh Valley Immigration Law" with the deliberate intent of diverting business from Plaintiff and capitalizing and trading on the good will and reputation developed by Plaintiff over many years.

68.     Defendants' use of the name "Lehigh Valley Immigration Law" has caused, and will continue to cause, consumers of services in the Lehigh Valley to erroneously believe that Defendants' services are being provided by, endorsed by, or associated with Plaintiff.

69.     Defendants are committing the acts complained of above, and have continued to do so, in defiance of Plaintiff's requests that they cease such acts, and in spite of Plaintiff's reasonable offers to reach an amicable resolution.

70.     Defendants, after due notice, have displayed a willful and wanton course of conduct toward appropriation and destruction of Plaintiff's rights in the LEHIGH IMMIGRATION Mark.

71.     Defendants' wrongful acts and conduct as alleged herein have permitted and will continue to permit Defendants to generate substantial sales and profits on the strength of Plaintiff's substantial advertising, sales, customer recognition and goodwill in connection with the LEHIGH IMMIGRATION Mark.

72.     Defendants' acts and conduct constitute unfair competition that has caused, and unless restrained and enjoined by this court, will continue to cause irreparable harm, damage and injury to Plaintiff's good will and business reputation.

## COUNT III
## UNFAIR COMPETITION BY FALSE ADVERTISING AND SERVICE MARK INFRINGEMENT UNDER 15 U.S.C. §1125(a)(1)(B)
## ALL DEFENDANTS

73.     Plaintiff incorporates by reference the facts and allegations in the previous paragraphs of this complaint as if fully set forth herein.

74.     The Defendants' use of the name "Lehigh Valley Immigration Law" to promote and provide legal services in the Lehigh Valley is confusingly similar to Plaintiff's senior rights in the LEHIGH IMMIGRATION Mark and is therefore a false and misleading statement as to the source of the services.

75.     The misleading statements constitute actual deception and a tendency to deceive a substantial portion of consumers of the relevant services.  The deception is material because it is likely to influence purchasing decisions made by those consumers.

76.     The misleading advertised services travel in interstate commerce via the internet, at least through the Defendants' own website and social media.

10

77.     There is a likelihood of injury to the Plaintiff in terms of declining sales and loss of goodwill as a result of the false and misleading advertising.

78.     Defendants' advertising of its goods and services under the name "Lehigh Valley Immigration Law" is a misleading statement because the name is confusingly similar to Plaintiff's LEHIGH IMMIGRATION Mark and the services offered under Defendants' "Lehigh Valley Immigration Law" are in no way connected to, endorsed by or provided by Plaintiff.

79.     Defendants' advertising of goods and services under the name "Lehigh Valley Immigration Law" misrepresents the nature, characteristics and quality of the services because the services are in no way connected to, endorsed by, or provided by Plaintiff.

80.     The similarity of each of the LEHIGH IMMIGRATION Mark to Defendants' "Lehigh Valley Immigration Law," used to advertise the substantially the same services in the same geographic area, will tend to deceive a substantial portion of the intended audience because of the similarity of the marks, the similarity of the services, and the similar channels of trade.

81.     The deception is material because local advertising influences the purchasing decisions made by consumers of legal services in the Lehigh Valley geographic region.

82.     On information and belief, evidence of actual deception has arisen in the form of customers believing that Plaintiff is affiliated with Defendants' services.

83.     The advertised services travel in interstate commerce because they are advertised on websites and social media platforms that are available to customers in the Pennsylvania and New Jersey portions of the Lehigh Valley and to visitors to the Lehigh Valley located in other states.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION, PALMING OFF,**
**AND TRADEMARK INFRINGEMENT**
**ALL DEFENDANTS**

84.     Plaintiff incorporates by reference the facts and allegations stated in the previous paragraphs of this complaint as though set forth at length herein.

85.     Plaintiff's LEHIGH IMMIGRATION service mark is owned by Plaintiff and is valid and legally enforceable in association with Plaintiff's services in the Lehigh Valley.

86.     Defendants' use of "Lehigh Valley Immigration Law" to provide highly similar, if not identical, services in the same marketplace using the same channels of trade is likely to create confusion with the LEHIGH IMMIGRATION Mark regarding the origin of the services.

87.     At all relevant times, through Plaintiff's exclusive and extensive use of the LEHIGH IMMIGRATION Mark, the LEHIGH IMMIGRATION Mark has acquired secondary meaning because the name is interpreted by the consuming public not only as an identification of the services, but also as a representation of the origin of those services.

88.     Plaintiff has been the owner and exclusive user of the LEHIGH IMMIGRATION Mark for legal services in the Lehigh Valley since at least 2017.

89.     Defendants' use of the name "Lehigh Valley Immigration Law" will tend to cause and, on information and belief, has actually caused, the relevant consumers to erroneously believe that Defendants' services are being provided by or associated with Plaintiff.

90.     Defendants are intentionally, and with malice aforethought, causing confusion in the Lehigh Valley marketplace as to who is providing services under the name "Lehigh Valley Immigration Law".

91.     Defendants' actions and conduct as alleged herein constitute palming off of its services as Plaintiff's services offered under the LEHIGH IMMIGRATION Mark and Defendants' actions and conduct have caused and are likely to cause consumers of Defendants' services to believe that said services are being provided by or are associated with Plaintiff.

92.     Such actions and conduct by Defendants constitute unfair competition under the common law of the Commonwealth of Pennsylvania.

93.     Defendants' actions and conduct in adopting and using the name "Lehigh Valley Immigration Law" in the Lehigh Valley constitutes trademark infringement under Pennsylvania common law.

94.     Plaintiff has no adequate remedy at law and Plaintiff is being irreparably damaged by Defendants' acts in violation of Pennsylvania common law.

95.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's good will and business reputation.

## COUNT V
## PERSONAL LIABILITY
### Defendant John Alexander Short

96.     Plaintiff incorporates by reference the facts and allegations stated in the previous paragraphs of this complaint as though set forth at length herein.

97.     On information and belief, John Alexander Short knowingly and significantly participated in committing acts of infringement and unfair competition as set forth above in this complaint.

98.     On information and belief, John Alexander Short, as the owner of John Alexander Short and/or as a manager holding controlling interest in said company, participated in the selection of the name "Lehigh Valley Immigration Law" and otherwise caused Defendant Lehigh Valley Immigration Law LLC to infringe and violate Plaintiff's right to utilize Plaintiff's LEHIGH IMMIGRATION Mark in the Lehigh Valley marketplace.

13

99. On information and belief, John Alexander Short approved search engine optimization and advertising campaigns using the LEHIGH IMMIGRATION Mark.

100. Lehigh Valley Immigration Law, under the direction of John Alexander Short, has ignored Plaintiff's requests to cease and desist Defendant Lehigh Valley Immigration Law LLC's infringing and unfair conduct.

101. John Alexander Short is personally liable to Plaintiff for any acts of infringement or unfair competition as this Court may find.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

A. That it is decreed that Plaintiff's rights in the LEHIGH IMMIGRATION Mark for legal services within the Lehigh Valley Region of eastern Pennsylvania and western New Jersey, are valid and enforceable;

B. That a permanent injunction be issued enjoining Defendants, and/or their officers, directors, partners, agents, servants, employees, attorneys, confederates, affiliates, franchisees, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, from directly or indirectly:

i. Using the name, term, or mark "LEHIGH IMMIGRATION" or "LEHIGH VALLEY IMMIGRATION LAW" in association with legal services, or any other similar derivation of such a mark which is likely to cause confusion in any manner in connection with the advertising, promotion, sale or rendering of legal services;

14

ii. Using the name, term, or mark "LEHIGH IMMIGRATION" or "LEHIGH VALLEY IMMIGRATION LAW", or any other similar derivation of such a mark which is likely to cause confusion in any manner in connection with the advertising, promotion, sale or rendering of legal services, including using any such name, term or mark on internet websites, on social media platforms, or within any domain name;

iii. Representing by any means whatsoever that Defendants and their legal services are associated in any way with Plaintiff or its LEHIGH IMMIGRATION Mark;

iv. Doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Defendants' legal services come from or are the services of Plaintiff, or are somehow sponsored by or associated with Plaintiff;

v. Otherwise unfairly competing with Plaintiff or misappropriating Plaintiff's reputation and good will; and

vi. Ordering Defendants to deliver up for destruction all goods, packaging, labels, wrappers, signs, prints, advertisements, electronic files and other articles bearing any such name or term that infringes the LEHIGH IMMIGRATION Mark.

vii. Ordering that Defendant's transfer ownership of the domain name https://www.lehighvalleyimmigrationlawyers.com/ to Plaintiff.

C. That Plaintiff is awarded actual damages, treble damages, an accounting for profits, attorneys' fees and the costs of this litigation.

D. That Plaintiff be awarded such further relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Renneisen & Company LLC, DBA Lehigh Immigration, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**Saxton & Stump LLC**

Date: August 10, 2026                    s/Damon A. Neagle
                                         Damon A. Neagle (PA ID 90738)
                                         Saxton & Stump LLC
                                         1575 Pond Road, Suite 201
                                         Allentown, PA 18104 USA
                                         Phone:  484.960.8153
                                         E-mail:  dneagle@saxtonstump.com

                                         ATTORNEYS FOR RENNEISEN & COMPANY
                                         LLC, DBA LEHIGH IMMIGRATION.

16

## **VERIFICATION**

I, Michael Renneisen, hereby verify that the factual statements and averments made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn falsification to authorities.

Date: 08/10/2026                    Signature: _____